## Clarence E. Blackmer v. Summit Coal and Mining Co.

1. AGENCY—*Contracts of, to be Strictly Construed.*—The contract of agency is to be strictly construed, and persons who deal with an agent, as such, must do so at their peril.

2. SAME—*Construction of a Contract of.*—A company which owned and operated a small coal mine with a capacity of about three car loads per day, being desirous of establishing an agency in St. Louis for the sale of its coal, entered into a contract with an agent, employing him for a

Blackmer v. Summit Coal & Mining Co.

year to maintain an office and to sell all its coal mined at the best possible price.   *It was held* that this contract did not authorize the agent to sell for future delivery or to contract for the sale of more coal than the mine could produce, for a future delivery.

**Assumpsit,** for breach of contract.   Appeal from the Circuit Court of St. Clair County; the Hon. SILAS COOK, Judge, presiding.   Heard in this court at the August term, 1899.   Affirmed.   Opinion filed March 16, 1900.

AUGUST REBENACK, GUSTAVUS A. KOERNER and VICTOR K. KOERNER, attorneys for appellant.

DILL & WILDERMAN, attorneys for appellee.

MR. JUSTICE CREIGHTON delivered the opinion of the court.

This is an action of assumpsit in the Circuit Court of St. Clair County by appellant against appellee to recover damages for breach of an alleged contract to furnish coal.   Trial was by jury.   Verdict and judgment in favor of appellee for costs.

The declaration is in the usual form, based upon the following agreement:

"ST. LOUIS, Mo., June 15, 1896.

"This agreement made and entered into by and between the Summit Coal and Mining Company, an Illinois corporation located at Birkner, Ill., party of the first part, and C. E. Blackmer, doing business as the Hart Coal Company of St. Louis, State of Missouri, party of the second part, witnesseth:   The said Summit Coal and Mining Company hereby agrees to furnish the said C. E. Blackmer bituminous standard coal mined by the Summit Coal and Mining Company at Birkner, Ill., same to be screened, merchantable coal, in car load lots not to exceed five cars per day, for forty (40) cents per ton at the mine, payable on the 10th of each month for all coal used the previous month, beginning June 15, 1896, and continuous for a period of ten months, and in consideration of the above agreement the said C. E. Blackmer hereby agrees to take all the said soft coal of standard quality that his business will require, and agrees to sell no other soft coal of standard quality.

SUMMIT COAL AND MINING COMPANY,

Per JOHN MADDOX, Agent.

C. E. BLACKMER.

Witness: Jos. H. BARR."

To this declaration appellant pleaded the general issue verified by affidavit, and a special plea setting up that the alleged contract was procured by fraud.

Appellee owned and operated a small coal mine with a capacity of about three car loads per day, and being desirous of establishing an agency in St. Louis for the sale of the product of the mine, entered into a contract with one John Maddox, employing him for one year at a salary of $60 per month. By this contract it was the duty of Maddox to maintain an office in St. Louis at the expense of appellee and " to sell all coal mined at the best possible price."

During the time Maddox was thus in the employ of appellee he occupied an office with appellant, and on the 15th day of June, 1896, executed to appellant the contract sued on. As soon as appellee learned of this contract it repudiated it and denied Maddox's authority to make such a contract or to make any contract for the future output of the mine.

We are of opinion this contract of agency did not authorize Maddox to sell for future delivery the output of the mine, much less to contract the sale of more than the mine could produce, for a future period covering ten months. Appellant was conversant with all the facts, but if he had not been, the law is, that one who deals with an agent does so at his peril.

We do not feel called upon to discuss any of the other questions raised. The judgment of the Circuit Court is affirmed.